IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA MCWRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-CV-1345-N (BF) |
| | § | |
| BANK OF AMERICA, N.A. and | § | |
| RECONTRUST COMPANY, N.A., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is (1) Plaintiff Angela McWright's ("Plaintiff") Motion for Preliminary Injunction (doc. 5), filed on April 2, 2013, and (2) Defendants Bank of America, N.A. and ReconTrust Company, N.A.'s (collectively referred to as "Defendants") Motion to Dismiss (doc. 9), filed on May 1, 2013. For the reasons that follow, this Court recommends that the District Court **GRANT** the Motion to Dismiss and **DENY** the Motion for Preliminary Injunction.

### Background

This case arises out of foreclosure proceedings initiated against the real property located at 708 River Run Drive, Glenn Heights, Texas 75154 (the "Property"). (Pl.'s Compl. at 1-2.) Plaintiff challenged the foreclosure sale, which was scheduled for April 2, 2013, by filing her Complaint against Defendants in federal court on that same date. (*Id.*) This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint presents a federal question.

Plaintiff executed a promissory note ("Note") in favor of Worldwide Mortgage Company

("Worldwide") in the amount of $150,636.00 on May 22, 2007, to purchase the Property.[1] (Pl.'s Compl. at 2-3; App. to Defs.' Mot. to Dismiss at 2-3, Ex. A.) Plaintiff simultaneously executed a Deed of Trust, conveying a security interest in the Property to Worldwide should Plaintiff default on the mortgage loan. (Pl.'s Compl. at 2-3; App. to Defs.' Mot. to Dismiss at 2-15, Ex. A.) The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and the nominee for Worldwide and Worldwide's successors and assigns. (Pl.'s Compl. at 3; App. to Defs.' Mot. to Dismiss at 2, Ex. A.) The Deed of Trust was recorded in the Official Public Records of Dallas County, Texas on May 29, 2007. (App. to Defs.' Mot. to Dismiss at 14, Ex.A.) MERS thereafter assigned the Deed of Trust to Bank of America, N.A. ("BOA") on September 29, 2011. (*Id.* at 17, Ex. B.) On October 12, 2011, this assignment was recorded in the Official Public Records of Dallas County, Texas. (*Id.*)

At some point, Plaintiff defaulted on her loan and on January 30, 2013, Plaintiff received a letter from Defendants demanding payment of her debt obligation. (Pl.'s Compl. at 2.) Plaintiff avers that the letter demanded a payoff amount of $214,410.50. (*Id.*) In her Motion for Preliminary Injunction, Plaintiff, proceeding *pro se,* seeks an injunction from the Court to prevent Defendants from foreclosing on the Property and to cease Defendants' debt collection efforts. (Pl.'s Mot. at 1, 13.) Defendants filed a Motion to Dismiss Plaintiff's claims, including her request for injunctive relief, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil

---

[1] Defendants included a copy of the Deed of Trust and the assignment of the Deed of Trust in an appendix which was filed along with their Motion to Dismiss. This Court will consider the documents attached to Defendants' Motion to Dismiss because they are central to Plaintiff's claims and are referenced in Plaintiff's Complaint. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Furthermore, Plaintiff included a portion of the Deed of Trust in her Complaint.

Procedure 12(b)(6). These motions are now ripe for review.

### Rule 12(b)(6) Standard of Review

While the court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 550 U.S. at 555. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* at 555-56.

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents

3

attached to it. *Collins*, 224 F.3d at 498. However, documents included with a defendant's motion to dismiss may be considered by the court if they are central to the plaintiff's claim and are referenced in the complaint. *Id.* at 498-99.

## Analysis

In her Complaint, Plaintiff raises the following causes of action: (1) violation of the federal Fair Debt Collection Practices Act, (2) Negligence, (3) Fraud, (4) Declaratory relief, and (5) Quiet Title. Because many of these claims are premised upon unfounded legal theories, the Court will first address these theories before turning to the merits of each of Plaintiff's claims.

### Show-me-the-Note Theory

In her Complaint, Plaintiff contends that Defendants are required to show proof that they are the holder of the Note prior to foreclosing on the Property. (Pl.'s Compl. at 7.) However, this "show-me-the-note" theory has recently been rejected by the Fifth Circuit. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) ("We find no contrary Texas authority requiring production of the 'original' note. The original, signed note need not be produced in order to foreclose."). Moreover, it is well-established under Texas law that mortgagees and mortgage service providers are not required to produce the Note, or prove ownership thereof, prior to foreclosure. *Broyles v. Chase Home Fin.,* No. 3:10-CV-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011) (explaining that the mortgage servicer has a statutory right to foreclosure and, thus, does not need to produce the original note); *Sawyer v. MERS,* No. 3:09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010) (holding that a mortgage servicer is not required to prove it is the "holder" of the note and deed of trust, or to produce the original loan documents); *Cole v. Fed. Home Loan Mortgage Corp.,* No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *2 (N.D. Tex. Jan. 23, 2012), *rec.*

4

*adopted*, 2012 WL 556055 (N.D. Tex. Feb. 21, 2012) ( "the Texas Property Code does not require a mortgagee or mortgage servicer to produce the original Note or Deed of Trust before conducting a non judicial foreclosure sale."); *Preston v. Seterus, Inc.*, No. 3:12-CV-2395-L, 2013 WL 1091272, at *14 (N.D. Tex. Mar. 15, 2013) ("the entity administering the foreclosure does not necessarily have to be the owner or holder of the security instrument because the Texas Property Code contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest."). *See also* TEX. PROP. CODE § 51.0025 (explaining that a mortgage servicer may foreclose on property if granted such rights from the mortgagee); TEX. PROP. CODE § 51.0001(4) (defining MERS, a book entry system, as a mortgagee). As explained in greater detail below, BOA is both the mortgagee and the mortgage service provider on Plaintiff's account, thus, to the extent Plaintiff argues that BOA must be the holder of the Note and produce the Note in order to foreclose, such contention fails.

**Authority of MERS**

To the extent Plaintiff argues that MERS lacked the authority to transfer the loan, such argument similarly fails. In her Complaint, Plaintiff alleges that the "current, highly publicized practices of registering the note with . . . (MERS) for the purpose of hiding the true holder of the note behind MERS as a so-called 'nominee' has been discredited by the courts." (Pl.'s Compl. at 6.) This statement is simply not true. The Deed of Trust clearly names MERS the beneficiary and the nominee for Worldwide and Worldwide's successors and assigns. (App. to Def.'s Mot. to Dismiss at 2, Ex. A.) As such, the Deed of Trust grants MERS the power to sell the loan and the power to foreclose on the Property upon Plaintiff's default. (*Id.* at 3.) Moreover, the Fifth Circuit has found that under Texas law, MERS has the authority to assign a deed of trust. *See Martins*, 722 F.3d at 253

("Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note."). *See also Wigginton v. Bank of New York Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071, at *3 (N.D. Tex. July 7, 2011), *aff'd*, 488 Fed. Appx. 868 (5th Cir. 2012) (explaining that if a deed of trust provides for the power of sale then a party to that deed of trust has such authority); *Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) (finding that MERS had the authority to transfer the rights and interests in the deed of trust because MERS was the nominee for the lender and its successors and assigns). Here, MERS was named the nominee for the lender and its successors and assigns, and was granted the power of sale in the Deed of Trust. Thus, MERS had the authority to assign the Deed of Trust to BOA and BOA, thereby, obtained all rights and interests in the Deed of Trust, including the right to foreclose on the Property.

**Split-the-Note Theory**

In her Complaint, Plaintiff "demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note." (Pl.'s Compl. at 8.) However, the Fifth Circuit has held that this "split-the-note" theory does not apply in Texas cases wherein the mortgage service provider is the foreclosing party and the mortgage has been properly assigned. *Martins,* 722 F.3d at 255 ("The 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself.").

In this case, the Deed of Trust was assigned from Worldwide to MERS and then from MERS to BOA. The assignment of the Deed of Trust from MERS to BOA was recorded in the Official

6

Public Records of Dallas County, Texas shortly after the transfer. The mortgage was, therefore, properly assigned. In Texas, either a mortgagee or a mortgage servicer may foreclose on property. TEX. PROP. CODE § 51.0025. A mortgagee is defined as: "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4). MERS is a book entry system and, thus, is a mortgagee. *Martins,* 722 F.3d at 255 ("Because MERS is a book-entry system, it qualifies as a mortgagee."). A mortgage servicer is defined as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument. A mortgagee may be the mortgage servicer." TEX. PROP. CODE § 51.0001(3). Here, BOA is both the mortgagee and the mortgage service provider, as BOA was the last entity to whom the Deed of Trust was assigned and the last entity to service Plaintiff's loan. Accordingly, BOA is entitled to foreclose on the Property and does not need to possess the Note in order to foreclose. Additionally, ReconTrust Company, N.A. ("ReconTrust") is the substitute trustee appointed by BOA and, therefore, is authorized to foreclose on the Property as well. *See* TEX. PROP. CODE § 51.0001(7) (a substitute trustee is "a person appointed by the current mortgagee or mortgage servicer under the terms of the security instrument to exercise the power of sale."). Plaintiff's split-the-note theory fails as a matter of law.

Because Plaintiff's Quiet Title claim is based solely on these flawed legal theories, such claim should be dismissed. *See Cole v. Fed. Home Loan Mortgage Corp.,* No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *3 (N.D. Tex. Jan. 23, 2012), *rec. adopted,* 2012 WL 556055 (N.D. Tex. Feb. 21, 2012) (dismissing plaintiff's trespass to try title and quiet title claims because such claims were based on a faulty legal theory); *Schrader-Scalf v. CitiMortgage, Inc.,* No. 3:12-CV-4446-D, 2013

WL 625745, at *3 (N.D. Tex. Feb. 20, 2013) (dismissing plaintiff's quiet title claim because she failed to allege the third element of quiet title, in that the court rejected the grounds for her contention that defendant's claim to the property was invalid).

**Fair Debt Collection Practices Act**

Plaintiff asserts a claim under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The purpose of the FDCPA is to prevent abusive tactics by debt collectors in collecting debts. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985). The FDCPA distinguishes between "debt collectors" and "creditors." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013); *see also* 15 U.S.C. § 1692a. A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* at § 1692a(6). Moreover, it is well-settled in the Fifth Circuit that a "debt collector" does not include "the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry*, 756 F.2d at 1208; *see also Miller,* 726 F.3d at 722.

In this case, BOA is the servicer on Plaintiff's mortgage loan as well as the mortgagee. In her Complaint, Plaintiff claims that Defendants mailed her a "dunning letter dated 8-Jun-11 by U.S.P.S. . . . which asked for a lump sum of money." (Pl.'s Compl. at 8.) Plaintiff ultimately avers that Defendants used false, deceptive, and misleading representations in connection with the collection

8

of the debt because they demanded payment of a debt that Plaintiff did not owe and they made threats to Plaintiff if she did not pay the debt. (*Id.* at 8-9.) Although Plaintiff complains of a letter dated June 8, 2011, and Plaintiff's loan was not assigned from MERS to BOA until September 29, 2011, Plaintiff fails to allege any facts demonstrating that she was in default at the time the loan was assigned to BOA. Instead, Plaintiff avers that Defendants were demanding payment of a debt for which Plaintiff did not owe. Moreover, Plaintiff alleges that Defendants sent her the June 2011 letter, thus, indicating that Defendants had already been servicing Plaintiff's loan when, or if, she defaulted on the loan. Plaintiff has failed to allege sufficient facts demonstrating that BOA is a "debt collector" under the FDCPA. *See Miller v. BAC Home Loans Servicing, LP*, No. 6:11CV22, 2012 WL 1206510, at *4 (E.D. Tex. Mar. 23, 2012), *rec. adopted,* 2012 WL 1205797 (E.D. Tex. Apr. 11, 2012), *aff' d in part, rev' d in part*, 726 F.3d 717 (5th Cir. 2013) (holding that the pleadings did not allege that BAC was a "debt collector" under the FDCPA because "[w]hile it is not clear from the complaint what date BAC started servicing the loan, Plaintiffs' allegations state that they received their notice of default from BAC, indicating that BAC was the loan servicer when Plaintiffs defaulted on the loan."). S*ee also Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. Appx. 424, 428 n.1 (5th Cir. 2012) (affirming the dismissal of plaintiff's FDCPA claim because "mortgage lenders are not 'debt collectors' within the meaning of the FDCPA."); *Wiggins v. Wells Fargo & Co.*, No. 3-09-CV-2003-N, 2010 WL 342246, at *3 (N.D. Tex. Jan. 29, 2010) (same). In addition, ReconTrust, the substitute trustee appointed by BOA, is not considered a "debt collector." *See* TEX. PROP. CODE § 51.0075(b) ("A trustee or substitute trustee is not a debt collector.").

Moreover, the Southern District of Texas has held that "the activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA."

9

*Henry v. Chase Home Fin., LLC,* No. H-11-0668, 2013 WL 391160, at *8 (S.D. Tex. Jan. 30, 2013) (quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or. 2002)). Therefore, even if BOA could be considered a "debt collector" under the FDCPA, the FDCPA does not cover the type of wrongful activity alleged by Plaintiff. The FDCPA is inapplicable here and Plaintiff's claim should be dismissed.

**Negligence**

In order to state a claim for negligence under Texas law, a plaintiff must allege: (1) the defendant owed a legal duty to plaintiff, (2) the duty owed was breached, and (3) the breach proximately caused plaintiff's injury. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex. 2002)) (internal quotation marks omitted). An implied duty of good faith and fair dealing is not imposed in every contract and, thus, there must exist a special relationship between the parties for such a duty to arise. *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.,* 176 S.W.3d 595, 612 (Tex.App.– Corpus Christi 2005, pet. denied). "When a special relationship between parties gives rise to independent duties, such as a duty of good faith and fair dealing, those duties are enforceable as torts." *Id.* However, if there is no special relationship then the duty must arise from the contract and any breach would not amount to an independent tort. *Id.*

In her Complaint, Plaintiff claims that Defendants were negligent because they "falsely demand[ed] payment from Plaintiff when Defendant lacked standing and/or capacity to make such demand . . . ." (Pl.'s Compl. at 9.) However, Plaintiff fails to allege that Defendants owed her a legal duty. Nonetheless, even if Plaintiff had made such an allegation, Defendants do not owe a legal duty to Plaintiff. *See Collier v. Wells Fargo Home Mortg.,* No. 7:04-CV-086-K, 2006 WL 1464170, at

*8 (N.D. Tex. May 26, 2006) (holding that in Texas a mortgagor and a mortgagee do not have a special relationship, thus, there is no duty that arises which would support a claim for negligence); *UMLIC VP LLC,* 176 S.W.3d at 612 (collecting Texas cases finding no special relationship between a mortgagor and a mortgagee from which a duty of good faith and fair dealing arises). Plaintiff's negligence claim should therefore be dismissed.

**Fraud**

In Texas, in order to state a claim for common law fraud, a plaintiff must show: (1) the defendant made a material representation; (2) the representation was false; (3) the speaker knew it was false at the time it was made, or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the plaintiff should act upon it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury. *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 758 (Tex. 2001). Furthermore, in federal court, a plaintiff must also comply with Rule 9(b)'s heightened pleading standard, which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.,* 112 F.3d 175, 179 (5th Cir. 1997)). Plaintiff has failed to allege such facts.

In her Complaint, Plaintiff alleges that Defendants sent Plaintiff a letter which "intended to miss-lead Plaintiff into believing that Plaintiff was under obligation to forfeit Plaintiff's personal property to Defendant in the form of money of the United States." (Pl.'s Compl. at 8.) Plaintiff claims that Defendants "made a false representation to Plaintiff demanding payment on a debt,"

11

Defendants knew that the demand was made without agency, Defendants intended Plaintiff to accept the representation as true, and Plaintiff therefore took action and was harmed thereby. (*Id.*) Although it appears that Plaintiff has recited the elements of common law fraud, Plaintiff has failed to allege how these representations were fraudulent or who made such representations. In addition, it appears that Plaintiff's fraud claim is based on her contention that Defendants lack standing or authority to foreclose on the Property, which this Court has already found to be unfounded. Plaintiff has not pled sufficient facts to meet Rule 9(b)'s heightened pleading standard. Moreover, Plaintiff's fraud claim is based on unwarranted legal theories. Accordingly, Plaintiff's fraud claim should be dismissed.

**Injunctive and Declaratory Relief**

In her Complaint, Plaintiff seeks "an order declaring the foreclosure prosecuted by Defendant, void and of no force and effect." (Pl.'s Compl. at 9.) Additionally, in her Motion for Preliminary Injunction, Plaintiff requests the Court to issue a temporary injunction to prevent Defendants from foreclosing on the Property and to cease Defendants' debt collection activities. (Pl.'s Mot. at 1, 13.)

Plaintiff brings her request for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. However, a declaratory judgment does not create any substantive rights or causes of action, but instead is merely a procedural device. *Carter v. Bank of Am., N.A.*, No. 3:12-CV-4550-B, 2013 WL 1482610, at *3 (N.D. Tex. Apr. 9, 2013). Thus, a request for declaratory relief is construed as a theory of recovery, which is dependent upon another cause of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). Because Plaintiff's requested declaration is based on unfounded legal theories, and Plaintiff has failed to allege any valid claims against Defendants, the remedy of a declaratory judgment is

inappropriate. Accordingly, Plaintiff's request for a declaratory judgment should be dismissed.[2] *See Carter*, 2013 WL 1482610, at *3 (dismissing plaintiff's declaratory judgment requests where plaintiff failed to allege any viable causes of action).

Similarly, a request for injunctive relief under Texas law is not in and of itself a cause of action, but instead is predicated on an underlying cause of action. *Cooks v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.– Houston [1st Dist.] 2008, no pet.); *Butanaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). Because Plaintiff has failed to state any valid causes of action against Defendants, there is no underlying cause of action for which the Court can provide this equitable remedy. Accordingly, Plaintiff's request for injunctive relief fails as a matter of law and this Court recommends that her Motion for Preliminary Injunction be DENIED.

### Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** Defendants' Motion to Dismiss (doc. 9) and dismiss Plaintiff's claims against BOA and ReconTrust with prejudice. The Court further recommends that the District Court **DENY** Plaintiff's Motion for Preliminary Injunction (doc. 5).

---

[2] Plaintiff additionally seeks damages, costs, and attorney's fees in her Complaint. (Pl.'s Compl. at 9.) However, since Plaintiff has failed to allege any substantive claims, her request for damages, costs, and attorney's fees should also be dismissed. *See Carter*, 2013 WL 1482610, at *3. Furthermore, since Plaintiff did not file a response to Defendants' Motion to Dismiss or request to amend her pleadings, the Court finds that Plaintiff pled her best case and providing leave to amend would be futile and unnecessary. *See Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (finding plaintiffs pled their best case, and not affording them leave to amend, where no response to the motion to dismiss was filed or a request to amend their pleadings).

**SO RECOMMENDED**, November 7, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).